UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-80084-RLR

UNITED STATES OF AMERICA,

vs.

MATTHEW COMISKEY,

   Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT**

**THIS CAUSE** comes before the Court upon Defendant's "Motion to Dismiss Indictment" ("Motion to Dismiss"). DE 18.  Defendant was charged with five counts of knowingly transmitting interstate threats, in violation of 18 U.S.C. § 875(c), on account of his Twitter posts, where he threatened to shoot a named United States Representative. DE3.  The Court has carefully reviewed the Indictment, *id.*, the Motion to Dismiss, DE 18, and "Government's Response in Opposition to Defendant's Motion to Dismiss Indictment", DE 19.  For the reasons set forth below, Defendant's Motion to Dismiss is **DENIED**.

A defendant may challenge an indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v).  When a defendant challenges an indictment for failure to state an offense, the court must determine whether "the factual allegations in the indictment, when viewed in the light most favorable to the government, [are] sufficient to charge the offense." *United States v. Sharpe*, 438 F.3d 1257, 1258–59 (11th Cir. 2006) (quoting *United States v. deVegter*, 198 F.3d 1324, 1327 (11th Cir. 1999)).  The court may look only to the "face of the indictment" to determine if it is sufficient. *Id.* at 1262–63.  An indictment is sufficient if it "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables

1

the accused to rely upon a judgment under the indictment as a bar against double jeopardy." *United States v. Dabbs*, 134 F.3d 1071, 1079 (11th Cir. 1998) (citing *United States v. John*, 587 F.2d 683, 688 (5th Cir. 1979)).

Here, Defendant argues that the Indictment is insufficient for three reasons. Defendant argues that (1) the Government fails to allege Defendant's subjective intent, as required by *Elonis v. United States*, 575 U.S. 723 (2015), and *United States v. Martinez* (*Martinez II*), 800 F.3d 1293 (11th Cir. 2015), DE 18 at 2–3; (2) the statements contained in the Twitter posts "do not rise to the level of threats contemplated" under § 875(c), *id.* at 2; and (3) Defendant did not possess the subjective intent required to violate § 875(c), *id.* at 2–3. The Court addresses these arguments in turn and then evaluates whether the Indictment is sufficient overall.

First, Defendant argues that the Indictment is insufficient because the Government fails to allege Defendant's subjective intent, as required by *Elonis* and *Martinez II*. In *Elonis*, the Supreme Court held that a defendant cannot be convicted under § 875(c) without proof that he transmitted a communication "for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." 575 U.S. at 740.[1] In light of *Elonis*, in *Martinez II*, the Eleventh Circuit vacated an indictment for a violation of § 875(c) because it failed to allege the defendant's *mens rea* or facts from which it could be inferred. *Martinez II*, 800 F.3d at 1295.

Defendant argues that the Government fails to allege Defendant's subjective intent because the communications at issue "did not display his subjective intent to act on them." DE 18 at 3. Defendant argues that each count fails to allege Defendant's subjective intent because the statements in Counts 1 and 5 are conditional statements; the statement in Count 2 did not indicate that he "personally" intended to act; the statement in Count 3 "did not allege he intended to act in

---

[1] The Supreme Court did not resolve the issue of whether a *mens rea* of recklessness was sufficient for conviction under 18 U.S.C. § 875(c). *Elonis*, 575 U.S. at 740–41.

the way indicated"; and the statement in Count 4 "still asserts only that he 'had has [sic] his second amendment ready to destroy'" but "does not indicate he would take the next step to actually use it." *Id.*  The Government responds that it alleged Defendant's *mens rea* in each count of the Indictment and facts from which his *mens rea* could be inferred. DE 19 at 5–6.

The Court finds that the Government alleged Defendant's *mens rea* in each count of the Indictment.  For each count, the Government alleged that Defendant "knowingly" threatened another "with the intent to communicate a threat and with the knowledge that it would be viewed as a threat." DE 3 at 1–3.  Additionally, the Government included the Twitter posts at issue. *Id.*  In doing so, the Government provided facts that the Court could review to determine whether Defendant's *mens rea* can be inferred. *See Martinez II*, 800 F.3d at 1295 (requiring that the government allege the defendant's *mens rea* or facts from which it could be inferred).  For each count, Defendant argues that the requisite *mens rea* cannot be inferred from the facts provided. But the Court need not determine whether the requisite *mens rea* can be inferred from these facts, since the Government explicitly alleged Defendant's *mens rea* in each count of the Indictment. Therefore, the Court is not persuaded by Defendant's first argument that the Government failed to allege his subjective intent.

Second, Defendant argues that the Indictment is insufficient because the communications at issue "do not rise to the level of threats contemplated" under § 875(c).  True threats are "statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359 (2003).  True threats are not protected under the First Amendment. *Id.*  As a result, while the government cannot criminalize speech in general, it can criminalize true threats under § 875(c). *Id.* at 359–60.  Unless "there is no question that a defendant's speech is protected

3

by the First Amendment," the jury, rather than the Court on a pretrial motion, usually determines whether a communication constitutes a true threat after trial. *United States v. Wheeler*, 776 F.3d 736, 742 (10th Cir. 2015) (quoting *United States v. Viefhaus*, 168 F.3d 392, 397 (10th Cir. 1999)). In other circuits, on pretrial motions, courts may review communications at issue to determine whether a reasonable jury could determine they constitute true threats. *See, e.g.*, *United States v. Stevens*, 881 F.3d 1249, 1253–54 (10th Cir. 2018); *United States v. Stock*, 728 F.3d 287, 298 (3d Cir. 2013).

Defendant argues that the Twitter posts are not true threats. As outlined above, Defendant argues that two of the Twitter posts contain conditional statements, while another does not indicate that Defendant "personally" threatened to shoot the Representative. DE 18 at 3. For these reasons, Defendant argues that the Twitter posts are not true threats. The Government responds that the issue of whether Defendant's Twitter posts are true threats is a factual issue that should be determined by a jury because a reasonable jury reviewing the Twitter posts could determine that they constitute true threats. DE 19 at 6–7.

While the Eleventh Circuit has not said that a court may review on a pretrial motion whether a communication could constitute a true threat, if it did, in applying that principle here, a reasonable jury could determine that the Twitter posts constituted true threats. As seen in Count 1, Defendant posted that he would "be glad to take [the United States Representative] out." DE 3 at 1. In Count 2, Defendant posted, "someone is coming to show your face[, United States Representative,] the 2nd amendment in practice." *Id.* at 2. In Count 3, Defendant posted, "Someone needs to put [the United States Representative] down like a sick dog." *Id.* In Count 4, Defendant posted, "I got my 2 amendment tool already to destroy [United States Representative's] face!" *Id.* at 3. And in Count 5, Defendant posted, "Take you[, United States Representative,]

4

down like Trayvon." *Id.* Based on the language of the Twitter posts, a reasonable jury could determine that they constitute true threats to shoot the Representative. Therefore, the Court is not persuaded by Defendant's second argument that the Twitter posts could not constitute true threats.

Third, and last, Defendant argues that the Indictment is insufficient because Defendant did not possess the subjective intent required to violate § 875(c). For example, Defendant argues that, since he neither "owned or even possessed a gun," nor "kn[e]w how to use one," he did not have the subjective intent required to violate § 875(c). DE 18 at 2–3. In response, the Government argues that "factual disputes are not meant to be resolved in a motion to dismiss" and, instead, should be resolved by the jury or by the Court on a Rule 29 motion. DE 19 at 9.

The Court cannot resolve the factual issue of Defendant's subjective intent on a pretrial motion. As court may only look to the "face of the indictment" to determine if it is sufficient. *United States v. Baxter*, 579 F. App'x 703, 706 (11th Cir. 2014) (first citing *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004); and then citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992)). The factual issue of a defendant's subjective intent is "a question that may not be determined without 'trial of the general issue,'" and, therefore, "is not proper for decision by pretrial motion." *United States v. Ayarza-Garcia*, 819 F.2d 1043, 1048 (11th Cir. 1987) (quoting Fed. R. Crim. P. 12(b)(2) (amended 2014)). Here, Defendant asks the Court to look outside of the Indictment, accept his factual allegations as true, resolve the factual issue of Defendant's subjective intent in his favor, and then dismiss the Indictment accordingly. The Court cannot do so on a pretrial motion.

Next, the Court must evaluate whether the Indictment is sufficient overall. While Defendant argues that the Indictment is insufficient for the three reasons explained above, the Government argues that the Indictment is sufficient. The Government argues that the Indictment

"properly outlines the essential elements of the offense charged, thereby fairly informing the Defendant of the charge and protecting him from double jeopardy." DE 19 at 4 (citing *Martinez II*, 800 F.3d at 1295).

The Court finds that the Indictment is sufficient. An indictment is sufficient if it contains the essential elements of the alleged violation, notifies the defendant of the allegations, and permits the defendant "to rely upon a judgment under the indictment as a bar against double jeopardy." *Dabbs*, 134 F.3d at 1079 (citing *John*, 587 F.2d at 688). In each count of the Indictment, the Government stated that Defendant transmitted a communication containing a threat against another in interstate commerce by way of Twitter posts. The Government included the posts at issue, the subject of the posts, and Defendant's intent in transmitting the posts. DE 3 at 1–3. In doing so, the Government alleged the essential elements of a violation of § 875(c), including that Defendant "knowingly" threatened another "with the intent to communicate a threat and with the knowledge that it would be viewed as a threat." *Id.* Therefore, the Court agrees with the Government that the Indictment is sufficient.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss is **DENIED**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 25th day of August, 2022.

Copies furnished to:
Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE