UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:22-CR-80084-RLR

**UNITED STATES OF AMERICA,**

vs.

**MATTHEW COMISKEY**,

    **Defendant**,

_____/

## UNITED STATES' SENTENCING RECOMMENDATION AND RESPONSE TO REQUEST FOR DOWNWARD VARIANCE

The United States of America responds to the Defendant Matthew Comiskey's ("Comiskey" or "Defendant") Motion for Downward Variance and Sentencing Memorandum ("DE 46"). The United States disagrees with the Defendant's recommendations that the Court impose a sentence below the guideline range and, instead, respectfully request the Court sentence the Defendant to a sentence at the low end of the advisory guideline range consisting of a term of imprisonment of 24 months.

This sentencing recommendation is just and appropriate punishment based on the nature and circumstances, and seriousness of the offense and is necessary to fulfill multiple and important objectives under the § 3553(a) factors.

### The Nature and Circumstances of the Offense and Seriousness of the Offense

By way of factual proffer (D.E. 31) and other undisputed facts in the PSI, the Defendant admitted to making death threats to United States Congresswoman Lauren Boebert. In particular, the Defendant made the follow threats: "If I ever saw Lauren I'd be glad to take her out and go to prison. Would be job well done"; "Don't worry Lauren, someone is coming soon to show your

1

face the 2nd amendment in practice with a copper jacket. Enjoy."; "Someone needs to put Lauren down like a sick dog. She is a true waste life! Someone exercises their 2nd amendment right to her face! Since @CIA is a failure and @FBI is incompetent at charging her for being a terrorist it's time to do it ourselves. Pew pew Lauren."; "I got my 2nd amendment tool all ready to destroy Lauren's face! Hopefully in front of her kids"; "[D]on't come to Florida us libs have big guns here and we stand our [sic] ground. Take you down like Trayvon." (PSI ¶¶ 6-11). The Defendant's threats were very serious. Therefore, the seriousness of these threats weighs in favor of a within guideline sentence.

## **General Deterrence and Promote Respect for the Law**

Recently, there has been an uptick in serious threats made against government officials and politicians throughout the United States. *See United States v. Fox*, No. 20-cr-00183 (W.D. Mich. Aug. 23, 2022) (Adam Fox was convicted in August 2022 by a federal jury of conspiracy to kidnap Governor Whitmer and conspiracy to use weapons of mass destruction against persons or property.); *United States v. Gieswein*, No. 21-24 (EGS), 2021 U.S. Dist. LEXIS 139235, at *52 (D.D.C. July 27, 2021) (defendant threatened politicians when he stated that he needed to "take matters into his own hands to defend the country against perceived corruption in democratic institutions."); *United States v. DeGrave*, No. 21-90, 2021 U.S. Dist. LEXIS 92102, 2021 WL 1940536, at *17 (D.D.C. May 14, 2021).

In fact, hundreds of criminals made threats to members of Congress prior to attacking the United States Capitol on January 6, 2021. *See U.S. Government Accountability Office Report*. Feb. 28, 2023, https://www.gao.gov/products/gao-23-106625 ("We found that all 10 federal agencies that we examined identified potential threats of violence before January 6 . . ."). Luckily, the Defendant in this case was arrested before he made good on his threats. If the Defendant is

sentenced to a below guideline sentence, it will not help deter others from making similar threats to government officials and politicians.

### The Defendant's History and Characteristics

The Defendant in this case has a criminal history category I. In fact, he has never been in trouble with the law (PSI ¶¶ 26-29). The Defendant "grew up in a great community" (PSI ¶ 33). He "attended good schools" (PSI ¶ 34). The Defendant has a college degree (PSI ¶ 41). The Defendant's characteristics shows that he knew better. He knew that the threats he made were wrong, but he made them anyways. He made a conscious effort to get on social media and threatened to kill the Congresswoman in front of her kids. The Defendant needs to take responsibility for his actions. In fact, he said, "If I ever saw Lauren I'd be glad to take her out and go to prison. Would be job well done" (PSI ¶ 7). Therefore, this Court should send the Defendant to prison like he requested.

### CONCLUSION

For all the forgoing reasons, the United States respectfully requests that the Court deny the Defendant's motion for a downward variance and sentence the Defendant to 24 months followed by 1 year of supervised release. There is no restitution needed in this matter.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: */s/ Jeremy Thompson*
Jeremy Thompson
Assistant United States Attorney
Court Identification No. A5502636
99 N.E. 4th Street, #638
Miami, FL 33132
(786) 562-8435
Jeremy.thompson3@usdoj.gov

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on June 1, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document and the referenced discovery is being served this day on all counsel of record.

               By: *s/Jeremy Thompson*
                  Jeremy Thompson
                  Assistant United States Attorney